## FRIEDMAN, SHEIRICK & CO.
### v.
## THOMAS L. RODERICK ET AL.

MECHANIC'S LIEN—EQUITABLE ASSIGNMENT.—A party for whom a contractor had built a house, gave to such contractor his note, in which was recited the consideration, with a description of the premises, and a statement that the giving the note should not be a waiver of the lien upon the premises. The contractor delivered this note, not indorsed, to plaintiffs in error as collateral security for his debt to them. Upon the note becoming due, and their claim remaining unpaid, plaintiffs in error were entitled to maintain a petition in the nature of a bill in equity in the name of the contractor and in their own names, asking that an account be taken, that the lien be foreclosed, and that an equitable disposition of the funds be made. The most that the contractor can require of them is, that they shall indemnify him against costs.

ERROR to the Circuit Court of Crawford county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed December 16, 1886.

The facts may be briefly stated to be that John S. Castle, a contractor and builder and dealer in building material, erected a dwelling house for defendant in error, Roderick, upon which he had a lien for his payment. After completion of the house the amount due was adjusted and Roderick gave Castle his note for $175, in which was recited the consideration, with a description of the premises and a statement that the giving the note should not be a waiver of the lien upon the described premises. Some of the material used in the house had been purchased by Castle of the plaintiffs in error, and being still indebted to them, he delivered the note, unindorsed, to them, as collateral security for his debt to them. When the note became due, and their claim remaining unpaid, they caused the present petition, in the nature of a bill in equity, to be filed in the name of Castle, as well as their own names, setting forth the facts in proper form, showing that Castle had a lien upon the premises and claiming an equitable interest in the proceeds to the extent of the debt of Castle to them, and asking that an account might be taken of its amount and Castle's lien be

foreclosed, and for an equitable disposition of the funds collected. Castle filed an affidavit that he had not authorized the commencement of the suit in his name and consenting that it might be dismissed as to him, which the court did, upon motion of defendant Roderick. A demurrer was then interposed and sustained to the bill or petition and it was dismissed at costs of plaintiffs in error, and they caused the record to be removed into this court.

Messrs. CALLAHAN & JONES, for plaintiffs in error.

Mr. J. C. MAXWELL, for defendants in error.

PILLSBURY, J. The acceptance of the note by Castle, wherein was recited the consideration and expressly reserving his lien as security, did not operate to discharge the lien, and the mere deposit of it without indorsement with the plaintiffs in error as collateral security for his debt to them, did not divest him of his legal ownership in the note, the debt evidenced by it nor the lien securing it. They acquired by the delivery to them of the note, a contingent equitable interest only in the proceeds or avails of it when collected, in case their claim upon Castle was not sooner paid, and had they neglected or refused to perform their duty as holders of a collateral security to collect and account for its proceeds, there can be no question that Castle could have filed his petition to foreclose his lien against the premises, made them parties and had an account taken, and the funds arising from the foreclosure distributed between himself and them according to their respective equities therein. This results from the fact that no severance in the legal ownership of the debt, note or lien had ever taken place, but it was still vested in Castle. He had made no attempt to nor had he legally assigned either to plaintiffs in error, so as to allow them to sue in their own name. As pledgees of the note as collateral security they assumed the position of a trustee for the pledgor to return it to him if redeemed, and if not redeemed to collect it when it became due, apply a sufficient amount of the proceeds to the satisfaction of their claim for which it was pledged, and pay the surplus to the pledgor. Union Trust Co. v. Rigdon, 93 Ill. 458; Zimpleman

v. Veeder, 98 Ill. 613. They could not use it to his detriment, sell it, nor except under special circumstances, compromise with the maker for a less sum than was due upon it without making themselves liable to their debtor for its face value, as here no special authority was conferred upon them for any such disposition of the collateral. Ibid. ; Gartuch v. James, 12 Johns. 145.

The law cast upon them the duty of using ordinary diligence to preserve and collect the collateral, and they ought to find in the same law an ample remedy to enable them to perform that duty; as we have seen, Castle has never parted with his general ownership in the debt or the note evidencing it, and when he delivered the note to them it passed to them the equitable right to receive the money when it became due (Dixon v. Buell, 21 Ill. 204), and he conferred upon them authority to use his name in any legal proceeding that might become necessary to give full effect to such equitable assignment (Eastman v. Wright, 6 Pick. 316), and to enable them to fulfill their duty as holders of the security.

Major v. Collins, 11 Bradwell. 658, was a case where the contractor filed his petition to foreclose a mechanic's lien, and the equitable assignee of the avails of the lien came in and filed a cross-petition, to have the same paid to him when collected, whereupon the contractor filed a written stipulation dismissing his original petition, which the court refused to permit him to do, and this action of the court was held proper, as he was but a nominal party, and the equitable assignee had the right to prosecute the petition for his benefit. This case seems to be decided upon sound equitable principles, and we think, has a direct bearing upon the case at bar. The plaintiffs in error should be allowed to maintain the petition in the name of Castle, and have an account taken of the amount due them from Castle after the premises have been sold, in order that the funds may be equitably distributed. The most that Castle can require of them, is that they shall indemnify him against costs, as in cases at law, where a party brings a suit in the name of another for his use. For the reason stated, the decree will be reversed, and the cause remanded for further proceedings.

Reversed and remanded.